LINA ESTHER FIGUEROA, demandante y apelante, *v.* LUIS BAYRÓN y MAXIMINO RAMÍREZ MERCADO, demandados y apelados.

Número 10729.

*Sometido:* 26 de enero de 1953. *Resuelto:* 12 de febrero de 1954.

*Mario Báez García,* abogado de la apelante; *Eduardo A. Ruiz,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tribunal.

El día 5 de enero de 1946, la señora Lina Esther Figueroa contrajo matrimonio con el señor Maximino Ramírez Mercado; el día 1ro. de febrero de 1946, o sea veintisiete días después de contraer matrimonio, dicho señor Maximino Ramírez Mercado compró de don Juan Gualberto Moreu, doña Esperanza Moreu y don José Agustín Moreu una casa de madera, enclavada en un solar de don José Alfredo Cristy y situada en la calle Muñoz Rivera de la ciudad de Mayagüez; el día 5 de marzo de 1946, o sea cincuenta y nueve días después de la celebración del matrimonio, los esposos se separaron y no tuvieron posteriormente relación conyugal de clase alguna; el día 22 de agosto de 1949, el señor Maximino Ramírez Mercado firmó un pagaré a favor del señor Luis Bayrón a vencer el 22 de septiembre de 1949, por mil quinientos dólares, con intereses al 9 por ciento anual en caso de mora y con un crédito adicional de ciento cincuenta dólares para el caso de reclamación judicial; el día 1ro. de febrero de 1950, el señor Luis Bayrón entabló demanda en cobro de pagaré contra el señor Maximino Ramírez Mercado en la anterior Corte de

Distrito de Mayagüez, Puerto Rico, reclamándole en virtud de la obligación contraída, los mil quinientos dólares de principal, cuarenta y cinco dólares de intereses devengados y no satisfechos y ciento cincuenta dólares para costas, gastos y honorarios de abogado. Para asegurar la efectividad de la sentencia que en su día pudiera recaer, el señor Luis Bayrón solicitó y obtuvo del tribunal, el embargo de la propiedad que el señor Maximino Ramírez Mercado había adquirido de don Juan Gualberto Moreu, doña Esperanza Moreu y don José Agustín Moreu.

Debidamente emplazado, el señor Maximino Ramírez Mercado no compareció a oponerse a la demanda entablada en su contra, por lo cual, transcurridos los días que tenía para contestar, el señor Luis Bayrón solicitó el 27 de febrero de 1950, la anotación de la rebeldía; cumpliendo con dicha solicitud, el día 30 de marzo de 1950, el secretario de dicho tribunal procedió a anotar la rebeldía del señor Maximino Ramírez Mercado, el mismo día 30 de marzo de 1950, el secretario del tribunal procedió a registrar una sentencia contra el señor Maximino Ramírez Mercado.

Notificada la sentencia en la forma usual, el señor Maximino Ramírez Mercado no hizo diligencia alguna para que se dejara sin efecto dicha sentencia, o para apelar de la misma por lo cual dicha sentencia pasó a ser firme y ejecutable. El día 2 de mayo de 1950, el señor Luis Bayrón solicitó y obtuvo del tribunal una orden para la ejecución de dicha sentencia. El día 9 de junio de 1950 el alguacil del tribunal procedió a vender en pública subasta y al mejor postor la propiedad del señor Maximino Ramírez Mercado que había sido preventivamente embargada, resultando ser el mejor postor y adquirente el propio señor Luis Bayrón.

Alegando que tanto el otorgamiento del pagaré como la ejecución de la casa, era una confabulación entre su anterior esposo señor Maximino Ramírez Mercado y su supuesto acreedor señor Luis Bayrón para despojarla de sus legítimos de-

rechos sobre una propiedad ganancial, la aquí demandante apelante señora Lina Esther Figueroa, compareció ante el Tribunal de Distrito de Mayagüez, el día 26 de marzo de 1951, en una acción de nulidad, la cual fué fallada en su contra por la ilustrada Sala Sentenciadora de Mayagüez, el 7 de marzo de 1952.

■■ De la impugnación fraudulenta dispuso la ilustrada Sala Sentenciadora, por voz de su Juez señor Angel Fiol Negrón, mediante una bien meditada conclusión, que por tratarse de una propiedad que participaba más de la naturaleza de una propiedad privativa que del carácter de un bien ganancial, no era lógico presumir lo contrario, y concluir que la ejecución podía ser lesiva a los derechos que en la sociedad de gananciales pudiera tener la demandante apelante. La conclusión a que llegó la ilustrada Sala Sentenciadora en su soberana apreciación de la prueba, tiene unos fundamentos de hecho tan consistentes con el resultado de los testimonios de la propia demandante apelante señora Lina Esther Figueroa, (página 65 de la transcripción de evidencia) y del propio demandado apelado señor Maximino Ramírez Mercado (páginas 104, 105 y 106 de la misma transcripción) que no nos permiten alterar dicha conclusión. Basta dejar consignado que los esposos se casaron el día 5 de enero de 1946, y la casa objeto de la ejecución impugnada, se compró veintisiete días después, o sea, el día 1ro. de febrero de 1946, y que la propia demandante apelante admite, que la única fuente de ingreso económico del caudal conyugal lo constituía un restaurante que "cuando yo me casé con él, ya él lo había comprado" para darnos cuenta que si pretendiéramos llevar la presunción de gananciales hasta este extremo sería consagrar un absurdo, máxime en un caso como éste, de un matrimonio que dura como tal matrimonio, cincuenta y nueve días, y no hay nada en la prueba que pueda ser creída en el sentido, que el dinero con que se compró dicha casa fuera en forma alguna producto de la empresa común, industria o esfuerzo de ambos cónyuges.

Habiendo dispuesto en esta forma del primer error seña-
lado, en virtud de la conclusión sobre el carácter privativo de
la propiedad ejecutada, nos sentimos relevados de tener que
considerar el segundo error señalado, en cuanto a la posible
nulidad de la sentencia en rebeldía, por resultar evidente, que
la demandante apelante en este caso no tiene condición de
parte realmente interesada (*standing*), para impugar la nu-
lidad del trámite procesal, mediante el cual se procedió a la
adjudicación de la propiedad en litigio.

*Debe confirmarse la sentencia apelada.*